UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVENY ROSIER,<br><br>Defendant. | Case No. 1:23-cr-00005-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Keveny Rosier's Motion for Early Termination of Probation (Dkt. 43). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process. The Court therefore decides the motion on the written briefing. Fed. R. Civ. P. 78(b). For the reasons that follow, the Court grants the motion.

## BACKGROUND

On November 28, 2023, the Court sentenced Rosier to a five-year term of probation following his guilty plea to aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2) (Dkt. 41). The Court also ordered Rosier to serve twelve months of home confinement and to pay restitution to the Internal Revenue Service in the amount of $63,890.

On October 27, 2025, Rosier, through counsel, filed the present motion seeking early termination of his probation under 18 U.S.C. § 3564(c) (Dkt. 43). His supervising probation officer, in the Southern District of Texas, indicated he does not oppose early termination. The Government advised defense counsel that, under Department policy, it cannot affirmatively support early termination but did not object.

**MEMORANDUM DECISION AND ORDER - 1**

**LEGAL STANDARD**

A court may terminate a term of probation after the expiration of one year "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In making this determination, the Court considers the factors set forth in 18 U.S.C. § 3553(a). The decision to grant early termination rests within the Court's discretion. *See United States v. Emmett*, 749 F.3d 817, 819-20 (9th Cir. 2014).

**DISCUSSION**

The Court concludes that early termination of Rosier's probation is warranted.

1. **Successful Performance on Probation**

Rosier has performed exceptionally well since his sentencing. He successfully completed twelve months of home confinement without incident, maintained consistent communication with probation, and fully complied with every term of supervision. Due to his strong record of compliance, U.S. Probation transferred him to a "low threat" caseload, requiring only monthly online reporting. His probation officer reports no violations and that probation is unopposed to early termination.

2. **Restitution Paid in Full**

Rosier promptly satisfied the restitution order of $63,890, completing payment well ahead of schedule (Decl. of Rosier, Dkt. 44). He did so as a recent college graduate starting a family. His full and timely payment of restitution demonstrates both accountability and rehabilitation, reflecting genuine acceptance of responsibility for his offense conduct.

3. **Rehabilitation and Stability**

Rosier has shown sustained rehabilitation and stability since sentencing. He remains married and actively involved in raising his two children, one in sixth grade and one in preschool.

He continues his employment as a data engineer at Hewlett-Packard—the same employer he worked for at the time of sentencing—and has maintained stable housing and community ties despite working remotely between Texas and Florida.

These factors show that further supervision is unnecessary to achieve the purposes of § 3553(a). Considering the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, protection of the public, and rehabilitation, the Court finds that continued probation is no longer required. The goals of sentencing have been fully met, and termination is consistent with both the conduct of the defendant and the interests of justice.

## ORDER

IT IS ORDERED that:

1. Defendant Keveny Rosier's Motion for Early Termination of Probation (Dkt. 43) is **GRANTED**.

2. The term of probation imposed on November 28, 2023, is terminated effective immediately.

3. The Clerk of Court shall transmit a copy of this Order to the United States Probation Office for appropriate action.

DATED: November 03, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3